UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY COSGROVE | : |
| *Plaintiff* | : |
| | : Civil Case No.: 1:25-cv-00584-RDB |
| v. | : |
| EPSILON DATA MANAGEMENT, LLC | : |
| *Defendant* | : |

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, Mr. Jeffrey Cosgrove (hereinafter "Cosgrove" and "Plaintiff"), by and through his attorneys, Mary Craine Lombardo, Esq., and the law firm of RLG Law, hereby files his Amended Complaint against Defendant, Epsilon Data Management, LLC (hereinafter "Defendant"), and in support thereof states as follows:

### PARTIES & JURISDICTION

1. Plaintiff is an adult resident of Frederick County, Maryland.

2. Defendant, Epsilon Data Management, LLC ("Epsilon") is a Texas corporation registered to do business in Maryland.

3. This Court has subject matter jurisdiction pursuant 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k).

5. Venue is appropriate in this Court pursuant 28 U.S.C. § 1391.

### STATEMENT OF FACTS

6. Epsilon is in the business of providing marketing products and services to major retailers, brands, and organizations.



7. Cosgrove is employed as a Business Development Senior Manager within the Data Sales division of Epsilon.

8. Cosgrove has been employed by Epsilon for over eleven (11) years.

9. Cosgrove has been a solid performer throughout his employment. A focus of his business development for Epsilon has been providing campaign marketing services to candidates in local and national elections.

10. Epsilon pays Cosgrove a base salary with additional commission based upon achieving quarterly goals.

11. Epsilon has developed a compensation plan which sets forth the calculation of commissions.

12. During the first and second quarters of 2024, in accordance with his past performance, Cosgrove achieved results warranting the payment of commissions for each quarter.

13. Indeed, Cosgrove and other salespersons were given their revenue targets in early February and directed by the team's Vice President and Senior Vice President to work toward their goals based on the 2023 compensation plan.

14. At the start of 2024, the sales force was not provided with any new plan for 2024.

15. However, well into the second quarter, in April of 2024, new proposed compensation plans were delivered to the sales team. New plans were retroactive to January 1, 2024, after work for the first quarter was already completed.

16. Many members of the team, including Cosgrove, had questions. They were directed by the Incentive Compensation Group to submit all questions as a group through their Senior Vice President.



17. Before the Incentive Compensation Group had addressed any of the concerns, however, the team was coerced to execute the new proposed plans and were informed that without doing so they would not be paid their first quarter commissions.

18. The team, including Cosgrove, were assured that they would be compensated for their continued work.

19. When the commissions were paid, however, instead of receiving the 26% credit toward his yearly goal that he had earned, Mr. Cosgrove received less than 1%.

20. Furthermore, after Cosgrove spoke up about these compensation issues, as well as concerns relating to training with the Head of Sales as well as Human Resources, he was stripped of his two largest revenue accounts.

21. Cosgrove subsequently filed an ethics violation with company's Ethics Committee for these actions which clearly violated the Janus ethics protocols applicable to all Epsilon employees.

22. Cosgrove explicitly raised issues relating to bullying, intimidation, coercion, lack of transparency, and retaliation.

23. Cosgrove is owed wages for work performed.

24. Cosgrove has made repeated requests to be paid in full for the work performed.

25. Furthermore, as a result of the retaliation with regard to the issues he raised, Cosgrove has been forced to leave his employment and will suffer additional losses as a result of the wrongful constructive discharge.

**Count I**
**(Violation of Maryland Wage Payment Collection Law)**

Plaintiff adopts and incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein, and further alleges that:



26. Defendant failed to pay Plaintiff his wages for work performed.

27. Defendant willfully and intentionally violated the Maryland Wage Payment Collection Law.

28. Defendant has not paid Plaintiff all of his owed wages.

29. Pursuant to Md. Code Ann., Labor & Employ. § 3-502, Defendant was obligated to pay Plaintiff for all wages earned on a regular basis.

30. Pursuant to Md. Code Ann., Labor & Employ. § 3-505, Defendant was obligated to pay Plaintiff all wages due for work Plaintiff performed.

31. Defendant's action in failing to pay Plaintiff all of his owed wages are willful violations of the Maryland Wage Payment Collection Law.

32. Over two (2) weeks have elapsed from the date on which Defendant was required to have paid Plaintiff his owed wages.

33. There is no bona fide dispute as to the wages owed to Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests the Court to order Defendant to pay Plaintiff all owed wages, treble damages, pre and post-judgment interest, contribution towards Plaintiff's attorney fees and suit costs, in an amount to be determined but in excess of $75,000 and such other and further relief as this Court deems just and proper.

## Count II
### (Wrongful Constructive Discharge)

Plaintiff adopts and incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein, and further alleges that:



34. As detailed *supra*, Plaintiff was employed by Defendant.

35. Upon Plaintiff's inquiries as to the propriety of Defendant's actions, and specifically as it relates to working conditions, compensation issues, and ethical concerns, Defendant retaliated

4

against Plaintiff by stripping him of valuable accounts but at the same time requiring him to continue to perform work on such accounts without compensation.

36. Plaintiff, at all times, fully and competently performed all of the duties assigned to him.

37. Plaintiff's constructive termination was wrongful and contrary to public policy.

38. Plaintiff's termination resulted from Plaintiff's inquiries and concerns regarding the propriety of Defendant's practices.

39. Defendant's treatment of Plaintiff was deliberate, malicious, willful, and intentionally calculated to inflict harm upon Plaintiff.

40. As a result of Plaintiff's wrongful termination, Plaintiff has been left without employment, deprived of his earned wages and projected wages, and has been otherwise damaged.

**WHEREFORE,** Plaintiff respectfully requests the Court to enter judgment in Plaintiff's favor and against Defendant in an amount to be determined at trial, but not less than $75,000, plus the costs of this action and such other and further relief as this Court deems just and proper.

### Count III
### (Fraud)

Plaintiff adopts and incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein, and further alleges that:

41. As detailed *supra*, Plaintiff was employed by Defendant and induced to perform work with the promise of commissions to be paid.

42. Defendant falsely represented to Plaintiff that he would be paid the promised commissions, which was a material fact.

43. Defendant made the representation with knowledge of the falsity or reckless disregard for the truth, with intent to deceive.



44. Plaintiff justifiably relied on the misrepresentation.

45. As a result of Defendant's false representation of a material fact, Plaintiff has suffered damages.

46. Defendant acted with actual malice as it acted with an evil motive, intent to injure, ill will, or fraud.

**WHEREFORE,** Plaintiff respectfully requests the Court to enter judgment in Plaintiff's favor and against Defendant in an amount to be determined at trial, but not less than $75,000, as well as punitive damages, plus the costs of this action and such other and further relief as this Court deems just and proper.

<u>**Count IV**</u>
**(Negligent Misrepresentation)**

Plaintiff adopts and incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein, and further alleges that:

47. As detailed *supra*, Plaintiff was employed by Defendant and induced to perform work with the promise of commissions to be paid.

48. Defendant owed a duty of care to Plaintiff.

49. Defendant negligently if not intentionally made a false statement to Plaintiff with regard to the payment of his commissions.

50. Defendant intended the statement to be acted upon by Plaintiff.

51. Plaintiff justifiably relied on the statement and suffered damages as a result.

52. As a result of Defendant's false representation of a material fact, Plaintiff has suffered damages.



**WHEREFORE,** Plaintiff respectfully requests the Court to enter judgment in Plaintiff's favor and against Defendant in an amount to be determined at trial, but not less than $75,000, plus the costs of this action and such other and further relief as this Court deems just and proper.

**Count V**
**(Unjust Enrichment)**

Plaintiff adopts and incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein, and further alleges that:

53. As detailed *supra*, Plaintiff was employed by Defendant and induced to perform work with the promise of commissions to be paid.

54. Plaintiff performed work for Defendants that generated substantial sums for Defendant for which Plaintiff was not paid his commissions.

55. Plaintiff conferred a benefit on Defendant.

56. Defendant appreciated and retained the benefit unjustly, without paying for it..

57. It would be unjust to allow Defendant to retain the benefit conferred by Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests the Court to enter judgment in Plaintiff's favor and against Defendant in an amount to be determined at trial, but not less than $75,000, plus the costs of this action and such other and further relief as this Court deems just and proper.

Respectfully submitted:

**RLG LAW**

By: *Mary C. Lombardo /s/*
_____
Mary Craine Lombardo, Esq. (#495881)
51 Monroe Place, Suite 1401
Rockville, MD 20850
(301) 340-1616
MLombardo@RLG-Lawyers.com
*Attorney for Plaintiff*



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **14th** day of March 2025, a copy of the foregoing was served via the CM/ECF filing systems, upon the following persons:

Steven Kaplan, Esq.
Daniel Trujillo Esmeral, Esq.
815 Connecticut Avenue NW, Ste. 400
Washington, DC 20006
skaplan@littler.com
*Counsel for Defendants*

*Mary C. Lombardo /s/*
_____
Mary Craine Lombardo, Esq.

